IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FRED QUIMBY, | ) |
|           Plaintiff, | ) |
|    v. | ) No. CV-05-1841-HU |
| DUTCH MINING, LLC, BRUCE BURROWS, EWALD DIENHART, | ) FINDINGS & RECOMMENDATION |
|           Defendants. | ) |

Freddie Busby Quimby
P.O. Box 403
Baker City, Oregon 97814

    Plaintiff Pro Se

Michael J. Bird
BROWN HUGHES BIRD ROTE WETMORE & BROUHARD
612 N.W. 5th Street
Grants Pass, Oregon 97256

    Attorney for Defendants

SULLIVAN, Magistrate Judge:

    Pro se plaintiff Freddie Busby Quimby brings this action against defendants Dutch Mining, LLC, Bruce Burrows, and Ewald Dienhart. Defendants move to dismiss on four separate grounds: lack of subject matter jurisdiction, improper service, failure to

1 - FINDINGS & RECOMMENDATION

state a claim, and failure to join an indispensable party. I recommend that the motion be granted on the basis of lack of subject matter jurisdiction. I do not address the other grounds.

## BACKGROUND

The following facts are taken from the Complaint, filed on December 6, 2005. Dutch Mining, LLC is an "Oregon Registered Limited Liability Company registered with Oregon Secretary of State to do commercial business in the STATE OF OREGON." Compl. at p. 1. Burrows and Dienhart are "both representatives of the above company." Id.

Plaintiff alleges that in January 2005, Burrows hired plaintiff and his brother Joe Quimby, to come to Merlin, Oregon to work on the Benton Mine. Id. at p. 2. Both Fred and Joe Quimby are alleged to be professional mining experts. Id. Plaintiff alleges that the Benton Mine had serious problems. Id.

Burrows allegedly agreed to pay all expenses and $35 per hour for plaintiff's services. Id. Burrows allegedly had over 100 citations from the Mine Safety & Health Administration (MSHA) for various unspecified violations. Id. Burrows gave copies of the citations to plaintiff "to correct them." Id. Plaintiff allegedly set up a mine safety program which was approved by MSHA. Id.

Plaintiff alleges that Burrows outlined several projects at the mine and that he began all of these tasks and trained and supervised workers. Id. at p. 3. Plaintiff suggests that a fire destroyed some of his equipment and Burrows refused to pay for it. Id. at pp. 2-3.

Plaintiff further alleges that Burrows caused damage to the environment in various ways and expected plaintiff to work in

2 - FINDINGS & RECOMMENDATION

dangerous conditions. Id. at p. 3. He contends that Burrows stole equipment from him and refused to pay rent on it. Id. at pp. 3-4. He contends that when he complained about safety violations and not being paid, Burrows sent him to eastern Oregon for a piece of equipment and after plaintiff brought it out of the mountains, but before he shipped it to Grants Pass, Burrows laid him off. Id. at p. 4.

Burrows allegedly failed to pay plaintiff for the work performed by plaintiff. Id. Plaintiff contends that defendants owe him over $16,000 for wages, equipment, and expenses for work done on the Benton Mine and other work performed for Burrows. Id. He further suggests that time spent writing reports filed with MSHA was not paid. Id. Travel expenses to eastern Oregon to retrieve equipment was not paid. Id. In a separate paragraph, he contends that he is owed $60,000 in wages to date. Id. at p. 6.

Plaintiff alleges that Burrows called plaintiff's parole officer and lied to him, which in turn caused various restrictions on plaintiff, which in turn caused severe financial problems and confinement. Id. at p. 5. Although the restrictions were later lifted when the parole officer "found out Burrows is a liar[,]" plaintiff alleges that damage was already done. Id.

Plaintiff contends that Burrows interfered with a contract plaintiff had with "Coyote Mining." Id. He further contends that Dienhart failed to keep his promise to pay plaintiff if plaintiff would "stay and take care of necessary payments[.]" Id.

Plaintiff asserts that he filed a "UCC transaction" against Dienhart and Dutch Mining in the sum of $11 million after Burrows laid him off. Id. According to plaintiff, Dutch Mining and

3 - FINDINGS & RECOMMENDATION

Dienhart "defaulted," and this Court should enter a judgment in plaintiff's favor in that amount. Id. at p. 6. Finally, plaintiff alleges that Dutch Mining representatives stole technology and other training, timbering techniques, equipment, and labor from plaintiff, and that they "refuse to pay those services committing fraud." Id.

In a section labeled "CONCLUSION," plaintiff asks the Court to award $11,076.195.42 in damages, plus costs and interest. Id. The caption of the Complaint lists the following causes of action: fraud, stealing services, deceit, "lieing," destroying environment, and contract interference. Id. at p. 1.

## DISCUSSION

I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). The court may consider evidence outside the pleadings to resolve factual disputes. Id.; see also Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996) (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court).

4 - FINDINGS & RECOMMENDATION

"Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute." Sandpiper Village Condo. Ass'n, Inc. v. Louisiana-Pacific Corp., 428 F.3d 831, 841 (9th Cir. 2005) (internal quotation omitted). Subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331. Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).

Defendants argue that nothing in the Complaint suggests the presence of a federal claim to provide subject matter jurisdiction on the basis of a federal question under 28 U.S.C. § 1332. In his written response to the motion, plaintiff makes no attempt to argue the presence of a federal claim. Even giving the Complaint a liberal reading, as I am obligated to do when the plaintiff is appearing pro se, King v. California, 784 F.2d 910, 912 (9th Cir. 1986) (allegations in a pro se complaint to be construed liberally), I discern no allegations in support of federal question jurisdiction.

For subject matter jurisdiction to be based on diversity jurisdiction, the action must be between citizens of different states with an amount in controversy of at least $75,000. 28 U.S.C. § 1332. Because the Complaint recites an amount in controversy of more than $75,000, the issue here concerns the citizenship of the respective parties.

Plaintiff does not affirmatively assert his residence or citizenship as an allegation in the Complaint, but his address as listed on the Complaint shows a post office box in Baker City, Oregon. That is also the address he has on file with this Court.

5 - FINDINGS & RECOMMENDATION

As noted above, the Complaint asserts that Dutch Mining is an Oregon registered LLC and that Burrows and Dienhart are both representatives of the company. Compl. at p. 1. There is no affirmative allegation of residence or citizenship regarding any of the defendants.

Defendants argue that a "fair reading of the Complaint indicates that the two defendants who are natural persons also reside in Oregon as they are claimed to be 'representatives' of Dutch Mining, LLC." Defts' Mem. at p. 3. Defendants note that Rule 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

In his response memorandum, plaintiff states that Dienhart does not reside in Oregon. Although the statement is not properly supported by an affidavit or declaration, I accept as true, for the purposes of this motion, plaintiff's representation that Dienhart does not reside in Oregon.

The relevant question in a diversity jurisdiction analysis is the party's citizenship, not residence. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A natural person's state citizenship is determined by his or her state of domicile, not his or her state of residence. Id. A person's domicile is the person's permanent home, where the person resides with the intention to remain or to which the person intends to return. Id.

Because the party asserting diversity jurisdiction bears the burden of proof on that issue, failure to specify or prove state citizenship is fatal to the assertion of diversity jurisdiction.

6 - FINDINGS & RECOMMENDATION

Id. at 857-58.  Plaintiff must affirmatively demonstrate the citizenship of all parties because there must be complete diversity of citizenship between the parties opposed in interest.  Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004).  Each of the plaintiffs in an action must be a citizen of a different state than each of the defendants.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

Assuming for the purposes of this motion that plaintiff's unsupported allegation of Dienhart's residence is an allegation that Dienhart is not a citizen of Oregon for purposes of diversity jurisdiction, the Complaint nonetheless suggests that complete diversity is lacking and plaintiff fails to submit affirmative evidence to the contrary.  The Complaint suggests that plaintiff is a citizen of Oregon.  It also suggests that Burrows is a citizen of Oregon because plaintiff alleges that Burrows is a representative of an Oregon based LLC.  Notably, in his response to the motion, plaintiff does not dispute his Oregon citizenship or that of Burrows.

Moreover, the Ninth Circuit recently held that an LLC is to be treated like a partnership in assessing the LLC's citizenship for the purposes of determining diversity jurisdiction.  Johnson v. Columbia Properties Anchorage, L.P., 437 F.3d 894, 899 (9th Cir. 2006).  Thus, "an LLC is a citizen of every state of which its owners/members are citizens."  Id.

Based on the allegations in the Complaint, "it appears by suggestion of the parties, or otherwise," that this Court lacks subject matter jurisdiction.  With both plaintiff and Burrows appearing to be citizens of Oregon, complete diversity is lacking.

7 - FINDINGS & RECOMMENDATION

Additionally, based on the allegation that Burrows is a "representative" of Dutch Mining LLC, the Complaint suggests that he is an owner or member of the LLC and thus, his Oregon citizenship is attributed to Dutch Mining.  Thus, even if plaintiff could prove that Dienhart was not a citizen of Oregon, that fact is irrelevant because by virtue of plaintiff failing to disprove what is suggested by the Complaint (that both plaintiff and Burrows are Oregon citizens), there is no complete diversity.

Because I conclude that this Court lacks subject matter jurisdiction, it is inappropriate for me to address the other bases for dismissal asserted by defendants.

## CONCLUSION

I recommend that defendants' motion to dismiss (#4) be granted on the basis of lack of subject matter jurisdiction.  I further recommend that the dismissal be without prejudice to plaintiff refiling his claims in state court, or filing an amended complaint in this case in this Court if plaintiff is able to assert a basis for federal court subject matter jurisdiction.  Any such amended complaint is due ten (10) days following the Article III District Judge's ruling on this Findings & Recommendation.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due March 31, 2006.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

/ / /
/ / /
/ / /

8 - FINDINGS & RECOMMENDATION

If objections are filed, a response to the objections is due April 14, 2006, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this __16th__ day of __March__, 2006.

        __/s/ Patricia Sullivan__
Patricia Sullivan
United States Magistrate Judge

9 - FINDINGS & RECOMMENDATION